**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 05-37** |
| **WALTER MASSEY** | **SECTION: "G"** |

## ORDER AND REASONS

Currently pending before the Court is Defendant Walter Massey's ("Massey") "Motion for Reconsideration or in the Alternative Motion to Stay Execution of Judgment Pending Appeal."[1] In the motion, Massey requests that the Court reconsider a February 25, 2021 Order, which proposed an amendment to the judgment and proposed clarifications to Massey's terms of supervised release.[2] On March 18, 2021, the Court held a hearing on the instant motion for reconsideration.[3] On the same date, the Court also held a hearing on the proposed amendment to the judgment and proposed clarifications to the conditions of Massey's supervised release.[4] Considering the motion for reconsideration, the memoranda in support and in opposition, the arguments, statements, and evidence presented at the March 18, 2021 hearings, the record and the applicable law, the Court grants the motion for reconsideration in part and denies it in part.

## I. Background

On February 4, 2005, Massey was charged by an Indictment with carjacking which resulted

---

[1] Rec. Doc. 249.

[2] *Id.*

[3] Rec. Doc. 258.

[4] *Id.*

in serious bodily injury to wit: aggravated sexual abuse ("Count 1"), brandishing a firearm in furtherance of the carjacking ("Count 2"), felon in possession of a firearm ("Count 3"), and attempted bank robbery ("Count 4").[5]

On May 18, 2005, Massey pleaded guilty as charged in Counts 1 and 4 of the Indictment.[6] Relevant here, Count 1 reads in full:

> On or about the 12th day of November, 2004, in the Eastern District of Louisiana, the defendants, **DONALD R. TUCKER** and **WALTER J. MASSEY, JR.,** with the intent to cause death or serious bodily harm, did take a motor vehicle, to wit: a 1995 Ford Escort sedan, that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another by force and violence and by intimidation, which resulted in serious bodily injury, to wit: aggravated sexual abuse as defined in Title 18, United States Code, Section 2241; all in violation of Title 18, United States Code, Sections 2119 and 2.[7]

In the factual basis, Massey admitted that the government could prove the following through competent evidence beyond a reasonable doubt if the case were to proceed to trial.[8] "On November 12, 2004, at approximately 4:00 a.m., a 19 year old woman (referred to as 'SJM'), and her 23 year old boyfriend (referred to as 'JH') drove to the Fischer Housing Project in New Orleans, Louisiana because J.H. wanted to purchase marijuana."[9] A woman identified Donald Tucker as someone from whom J.H. could buy marijuana and J.H. exited the vehicle to negotiate a purchase price for a small amount of marijuana.[10] Massey, who was with Tucker, left the scene

---

[5] Rec. Doc. 1.

[6] Rec. Doc. 25.

[7] Rec. Doc. 1 at 1.

[8] Rec. Doc. 27 at 1.

[9] *Id*. at 4.

[10] *Id*.

to retrieve the marijuana.[11] While Massey was gone, Tucker brandished a handgun and ordered J.H. into a nearby breeze way.[12] When Massey returned, Tucker ordered Massey to retrieve S.J.M. from the car.[13] Massey approached the vehicle with a weapon and ordered S.J.M from the car.[14] Tucker then brought S.J.M to an upstairs hallway and raped her at gunpoint.[15] After Tucker raped S.J.M, he "guarded J.H. at gunpoint while Massey briefly forced S.J.M. to engage in oral sex but then stopped."[16]

Massey and Tucker then ordered J.H. and S.J.M. back into the vehicle, and Tucker ordered J.H. at gunpoint to drive them to J.H.'s house in Jefferson Parish, Louisiana, to retrieve money from the house.[17] "At the house, Massey brought J.H. to his door at gunpoint, while Tucker held S.J.M. in the car at gunpoint."[18] "Because J.H.'s dog began barking, Massey allowed J.H. to enter the house alone to get the money."[19] J.H.'s father was inside and he immediately contacted the police.[20] After seeing a passing police car, Massey and Tucker drove away in S.J.M's vehicle with S.J.M still inside.[21] After driving a short distance, Massey and Tucker ordered S.J.M. out of the

---

[11] *Id.*

[12] *Id.*

[13] *Id.* at 4–5.

[14] *Id.* at 5.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

vehicle and drove away.[22]  Based on the foregoing, Massey admitted facts to show the commission of a carjacking which resulted in serious bodily injury to wit: aggravated sexual abuse as defined in Title 18, United States Code, Section 2241.

On December 6, 2006, Massey appeared before the Honorable Kurt D. Engelhardt and was sentenced to a term of 186 months imprisonment followed by five years of supervised release.[23] The special conditions of supervised release imposed included the following:

- The defendant shall participate in a program of mental health treatment, to include sex offender counseling, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.
- The defendant shall complete and comply with sex offender registration requirements and shall follow the specific instructions of the probation officer in regard to these [sic] requirement.[24]

The written judgment states that Massey was adjudicated guilty of "Carjacking Resulting in Serious Bodily Injury" in violation of 18 U.S.C. §§ 2119 and 2.[25]  Although the Indictment listed more specifically that the carjacking "resulted in serious bodily injury, to wit: aggravated sexual abuse as defined in Title 18, United States Code, Section 2241," any reference to the aggravated sexual abuse is absent from the judgment. To be clear, carjacking and carjacking resulting in serious bodily injury are different offenses—the latter carrying a heavier penalty.[26]

On February 21, 2019, the case was reallotted to this Court upon the elevation of Judge

---

[22] *Id.*

[23] Rec. Doc. 163 at 2–3.

[24] *Id.* at 4.

[25] *Id.* at 1.

[26] 18 U.S.C. § 2119.

Engelhardt to the United States Court of Appeals for the Fifth Circuit.[27] On January 31, 2021, Massey filed a "Consent Motion to Modify Conditions of Supervised Release."[28] In the original motion, Massey requested that the Court modify the conditions of his supervised release to remove the requirement that he register as a sex offender if he resides in Texas because he alleged that Texas refused to allow him to register as a sex offender.[29] Massey also requested that the sex offender counseling requirement be removed because his supervising Probation Officer "believed that the sex offender counseling required by the conditions of supervised release were not necessary for Massey's rehabilitation."[30]

The Court conducted a hearing on the motion via videoconference on February 18, 2021 at 9:30 AM.[31] During the hearing, the Court gave the parties notice of what it believed to be a clerical error in the judgment and informed the parties of the Court's intention to revise the judgment pursuant to Federal Rule of Criminal Procedure 36.[32] Specifically, the Court gave notice of its intention to amend the judgment consistent with the Indictment to state that Massey was adjudicated guilty of carjacking "which resulted in serious bodily injury, to wit: aggravated sexual abuse as defined in Title 18, United States Code, Section 2241."[33] The Court gave the parties the

---

[27] Rec. Doc. 220.

[28] Rec. Doc. 235.

[29] Rec. Doc. 235-1 at 1–2.

[30] *Id.* at 2.

[31] Rec. Doc. 239.

[32] *Id.*

[33] *Id.*

opportunity to provide supplemental briefing on the issue on or before February 24, 2021.[34] Neither party provided supplemental briefing. Instead, Massey filed a "Consent Motion to Withdraw Motion to Modify Conditions of Supervised Release."[35]

Considering that the parties did not file any supplemental briefing on the proposed amendment to the judgment by the February 24, 2021 deadline, the Court issued an order on February 25, 2021 stating that the Court would amend the judgment.[36] Specifically, the Court stated that it would amend the judgment to accurately reflect that Massey pleaded to and was adjudicated guilty of carjacking which resulted in serious bodily injury, to wit: aggravated sexual abuse as defined in Title 18, United States Code, Section 2241; all in violation of Title 18, United States Code, Sections 2119 and 2.[37]

In the February 25, 2021 Order, the Court also noted that the motion to modify conditions of supervised release brought to light issues surrounding the enforcement of the terms of Massey's supervised release.[38] Specifically, Massey experienced difficulties registering as a sex offender in Texas, a condition of his supervised release.[39] To correct this problem and ensure that Massey is able to register as a sex offender in Texas and remain compliant with the conditions of supervised release, the Court accepted the recommendation of the U.S. Probation Office for the Eastern District of Louisiana and proposed clarifying the condition to state: The defendant must register

---

[34] *Id.*

[35] Rec. Doc. 240.

[36] Rec. Doc. 241.

[37] *Id.* at 8.

[38] *Id.*

[39] *Id.*

as a sex offender while on supervised release.[40]

The motion to modify conditions of supervised release also brought to light issues surrounding the condition requiring Massey to participate in sex offender counseling.[41] Again upon recommendation from the U.S. Probation Office for the Eastern District of Louisiana and to ensure Massey's compliance with this condition, the Court proposed clarifying the condition to state: The defendant shall participate in a program of mental health treatment, to include sex offender counseling, as directed by the Court, until such time as the defendant is released from the program by the Court.[42]

Cognizant of Federal Rule of Criminal Procedure 32.1(c)'s requirement that "[b]efore modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation," the Court scheduled a hearing for March 4, 2021.[43] Thereafter, the hearing was continued to March 18, 2021 at the request of Massey's counsel.[44] While the Court's February 25, 2021 Order proposed two clarifications to supervised release as discussed above, the Court set a hearing to allow Massey an opportunity to make a statement and present information in mitigation before the Court determined whether the clarifications should be imposed.

On March 12, 2021, days before the scheduled hearing, Massey filed the instant "Motion for Reconsideration or in the Alternative Motion to Stay Execution of Judgment Pending

---

[40] *Id.*

[41] *Id.*

[42] *Id.* at 8–9.

[43] *Id.* at 9–10.

[44] Rec. Doc. 242.

7

Appeal."[45] Massey requests that the Court reconsider the proposed amendment to the judgment and proposed clarifications to Massey's terms of supervised release.[46] The Court set the motion for reconsideration for expedited hearing on March 18, 2021 at 9:00 AM, the same date as the Rule 32.1 hearing.[47] On March 16, 2021, the government filed a response to the motion for reconsideration.[48]

On March 18, 2021, the Court held a hearing on the motion for reconsideration.[49] The same date, the Court also held a hearing on the proposed amendment to the judgment and proposed clarifications to Massey's terms of supervised release.[50] Supervising Probation Officer Marc Johnson made a statement at the hearing.[51] Massey also made a statement and was given the opportunity to present evidence in mitigation.[52]

## II. Parties' Arguments

### A.   Massey's Arguments in Support of the Motion for Reconsideration

Massey moves the Court to reconsider the February 25, 2021 Order proposing an amendment to the judgment and clarifications to the conditions of supervised release. Massey raises two issues in the motion: (1) Massey asserts that the Court cannot amend the judgment

---

[45] Rec. Doc. 249.

[46] *Id.*

[47] Rec. Doc. 251.

[48] Rec. Doc. 256.

[49] Rec. Doc. 258. Massey consented to proceed by videoconference.

[50] *Id.*

[51] *Id.*

[52] *Id.*

pursuant to Federal Rule of Criminal Procedure 36 because the proposed amendment to the judgment is substantive, and (2) the Court cannot "require a person convicted of a non-registrable offense to register as a sex offender or attend sex offender therapy, or at least may not do so without substantial evidence not present here."[53] Alternatively, Massey moves the Court to stay execution of the judgment pending appeal.[54]

First, Massey argues that Rule 36 does not allow the proposed amendment to the judgment because he asserts the proposed amendment is substantive.[55] Massey asserts that "[t]here is no evidence in the record that the clerk transcribing the proceedings earlier in this case failed to conform the judgment of conviction to the proceedings held in open court before Judge Engelhardt."[56] Massey notes that the elements of aggravated sexual abuse as defined in 18 U.S.C. § 2241 were not read at his rearraignment or sentencing.[57] Because carjacking inflicting serious bodily injury can be committed in multiple different ways, Massey argues that "it is not appropriate to look through to the underlying facts to determine the character of the offense."[58]

Second, Massey asserts that the Court cannot "require a person convicted of a non-registrable offense to register as a sex offender or attend sex offender therapy, or at least may not

---

[53] Rec. Doc. 249 at 1. Massey also argued that the Court could not modify the conditions of supervised release without holding a hearing as required by Rule 32.1. During the March 18, 2021 hearing, it was clarified that the Court had not made any final determinations on the proposed clarifications to the conditions of supervised release and the hearing was scheduled in accordance with Rule 32.1.

[54] *Id.*

[55] Rec. Doc. 249-1 at 4.

[56] *Id.* at 5.

[57] *Id.*

[58] *Id.* at 5–6.

do so without substantial evidence not present here."[59] Massey argues that the original judgment did not require him to register as a sex offender but, instead, only required him to comply with any registration conditions that may apply.[60] Massey asserts that he is compliant with that requirement.[61] According to Massey, the proposed clarification "is a new registration regime that violates the separation of powers doctrine since Congress has assumed responsibility for when and how an individual complies with" the Sex Offender Registration and Notification Act ("SORNA").[62]

Similarly, Massey notes that the original judgment did not require sex offender treatment but, instead, left that condition "to the discretion of the probation officer."[63] According to Massey, modifying the "terms of supervised release against the considered professional judgment of two supervising probation officers, and against the expressed position of both the government and the defense, would call for an especially strong showing of changed circumstances."[64] Massey argues that no such circumstances are present here and therefore, the terms of supervised release should not be modified.[65]

---

[59] *Id.* at 7.

[60] *Id.*

[61] *Id.*

[62] *Id.*

[63] *Id.*

[64] *Id.* at 7–8.

[65] *Id.* at 8.

**B.**     ***The Government's Arguments in Opposition to the Motion for Reconsideration***

In response, the government states that it opposes amending the judgment.[66] The government argues that the original judgment did not need to specify that the defendant committed aggravated carjacking by means of aggravated sexual abuse because the aggravated sexual abuse was not an essential element of the carjacking offense.[67] Therefore, the government argues that the absence of language concerning aggravated sexual abuse in the judgment was not error.[68] The government recognizes that "[a]mending the judgment to include language about aggravated sexual abuse would align it more with the indictment."[69] However, the government states that it "has not located a case where the Fifth Circuit has approved the use of Rule 36 to take a judgment that is already error-free and make it more accurate."[70] Furthermore, the government notes that "it is unclear if amending the judgment will affect defendant's ability to register as a sex offender because aggravated carjacking . . . does not qualify as a 'sex offense' under the Sex Offender Registration and Notification Act ('SORNA')."[71]

The government does not oppose the proposed clarification to the condition of supervised release to require Massey to register as a sex offender.[72] The government submits that the Court has discretion to require Massey to register as a sex offender if the Court determines, after the Rule

---

[66] Rec. Doc. 255 at 5.

[67] *Id*. at 6.

[68] *Id*. at 7.

[69] *Id*.

[70] *Id*.

[71] *Id*. at 8.

[72] *Id*.

32.1 hearing, that the proposed modifications are reasonably related to the Section 3553(a) factors, including the need to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, or to provide the defendant with needed correctional treatment.[73] The government contends that the modifications involve "no greater deprivation of liberty than is reasonably necessary for these purposes."[74]

### III. Legal Standards

#### A.  *Legal Standard for Reconsideration*

Although motions for reconsideration "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device."[75] Courts have "continuing jurisdiction over criminal cases and are free to reconsider [their] earlier decisions."[76] In the context of criminal proceedings, courts have applied the same legal standards to motions for reconsideration as are applied in civil cases.[77]

In the civil context, motions for reconsideration are considered under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). Federal Rule of Civil Procedure 59(e) allows courts to alter or amend judgments after entry and Rule 60(b) allows for relief from a judgment. A motion that challenges an interlocutory order is considered under Rule 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and

---

[73] *Id.* at 14.

[74] *Id.*

[75] *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir.), *cert. denied*, 456 U.S. 982 (1982)); *see also United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995) ("a motion for reconsideration ... is a judicial creation not derived from statutes or rules").

[76] *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975).

[77] *United States v. Evans*, No. 15-61, 2018 WL 6427854, at *2 (E.D. La. Dec. 7, 2018); *United States v. Staggers*, No. 16-36, 2018 WL 4909912, at *8 (E.D. La. Oct. 10, 2018).

liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[78] A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[79] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[80] In the civil context, the Fifth Circuit has made clear that a "'trial court is free to reconsider and reverse [an interlocutory order or] decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[81]

## B.   *Legal Standard for Amending a Judgment*

Federal Rule of Criminal Procedure 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Amending a judgment under Rule 36 is proper only when "the court intended one thing but by merely clerical mistake or oversight did another."[82] The Fifth

---

[78] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[79] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[80] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[81] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

[82] *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (quoting *United States v. Steen*, 55 F.3d 1022, 1025–26 n.3 (5th Cir. 1995)).

Circuit has found that Rule 36 is the proper vehicle to amend a judgment where "[t]he written judgment does not accurately describe that charged offense or statute."[83]

## C.      *Legal Standard for Modification of the Conditions of Supervised Release*

18 U.S.C. § 3583(e)(2) provides that the Court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." Federal Rule of Criminal Procedure 32.1(c) provides:

> (1) In General. Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.
> (2) Exceptions. A hearing is not required if:
>     (A) the person waives the hearing; or
>     (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and
>     (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

## **IV. Analysis**

This matter first came to the Court's attention on a "Consent Motion to Modify Conditions of Supervised Release."[84] In the original motion, Massey requested that the Court modify the conditions of his supervised release to remove the requirement for sex offender counseling and the requirement that he register as a sex offender if he resides in Texas because he alleged that Texas refused to register him as a sex offender.[85] During a hearing on February 18, 2021, the Court gave the parties notice of a clerical error in the judgment and informed the parties of the Court's intention to revise the judgment pursuant to Federal Rule of Criminal Procedure 36.[86] The Court

---

[83] *United States v. Ponte*, 728 F. App'x 388 (5th Cir. 2018).

[84] Rec. Doc. 235.

[85] *Id.*

[86] *Id.*

gave the parties the opportunity to provide supplemental briefing on the clerical error issue on or before February 24, 2021.[87]

Neither party provided supplemental briefing. Accordingly, on February 25, 2021, the Court issued an order stating that the Court would amend the judgment.[88] Specifically, the Court stated that it would amend the judgment to accurately reflect that Massey pleaded to and was adjudicated guilty of carjacking which resulting in serious bodily injury, to wit: aggravated sexual abuse as defined in Title 18, United States Code, Section 2241; all in violation of Title 18, United States Code, Sections 2119 and 2.[89]

In the February 25, 2021 Order, the Court also noted that the motion to modify conditions of supervised release brought to light issues surrounding the enforcement of the terms of Massey's supervised release.[90] Therefore, the Court proposed two clarifications to the conditions of supervised release and scheduled a Rule 32.1 hearing on the proposed clarifications for March 8, 2021.[91]

On March 12, 2021, days before the scheduled hearing, Massey filed the instant "Motion for Reconsideration or in the Alternative Motion to Stay Execution of Judgment Pending Appeal."[92] Massey requests that the Court reconsider the proposed amendment to the judgment

---

[87] *Id.*

[88] Rec. Doc. 241.

[89] *Id.* at 8.

[90] *Id.*

[91] *Id.*

[92] Rec. Doc. 249.

and proposed clarifications to Massey's terms of supervised release.[93]  The Court set the motion

for reconsideration for expedited hearing on March 18, 2021 at 9:00 AM, the same date as the Rule

32.1 hearing.[94]  On March 18, 2021, the Court held hearings on the motion for reconsideration and

on the proposed amendment to the judgment and proposed clarifications to Massey's terms of

supervised release.[95]  Supervising Probation Officer Marc Johnson made a statement at the

hearing.[96]  Massey also made a statement and was given the opportunity to present evidence in

mitigation.[97]  The Court addresses the Rule 36 issue and each of the proposed clarifications in turn

below.

### A.    *Proposed Amendment to the Judgment*

During the February 18, 2021 hearing, the Court gave the parties notice of its intention to

amend the judgment to state that Massey was adjudicated guilty of carjacking "which resulted in

serious bodily injury, to wit: aggravated sexual abuse as defined in Title 18, United States Code,

Section 2241." Although the indictment charged him as such, any reference to the aggravated

sexual abuse is absent from the written judgment. Nevertheless, Judge Engelhardt imposed

conditions of supervised release intended to address the aggravated sexual abuse aspect of the

crime.

This issue is before the Court because of the abbreviated description of the crime in the

judgment. The proposed amendment does not just make the judgment "more correct" as the

---

[93] *Id.*

[94] Rec. Doc. 251.

[95] Rec. Doc. 258. Massey consented to proceed by videoconference.

[96] *Id.*

[97] *Id.*

government suggests. An amendment may affect whether Texas (or any other state) would close the current loophole by which this defendant has escaped registration and require those convicted of such crimes involving a sexual assault to register as sex offenders.

These issues are troubling to this Court. Nevertheless, because of the strict interpretation of Rule 36, allowing for amendments to judgments only if there is a clerical error or omission, the Court will not amend the judgment at this time. To the extent Massey requests reconsideration on this issue, his request is granted.

### B.    *Proposed Clarification Requiring Massey to Register as a Sex Offender*

The motion to modify conditions of supervised release brought to light issues surrounding the enforcement of the current terms of Massey's supervised release. Specifically, Massey experienced difficulties registering as a sex offender in Texas.   To correct this problem and ensure that Massey is able to register as a sex offender in Texas and remain compliant with the conditions of supervised release, the Court considered a recommendation of the U.S. Probation Office for the Eastern District of Louisiana and proposed clarifying the condition to state: The defendant must register as a sex offender while on supervised release.

18 U.S.C. § 3583(e)(2) provides that the Court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." Federal Rule of Criminal Procedure 32.1(c) provides that "Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation."   A hearing was held on March 18, 2021. Massey was present and represented by counsel. The Court gave Massey the opportunity to make a statement and present information in mitigation.

Judge Engelhardt imposed a condition requiring Massey to "complete and comply with sex offender registration requirements." Massey argues that he is compliant with this condition because he attempted to register in Texas, but Texas refused to register him.

Massey argues that this case is similar to *United States v. Jimenez*.[98] There, the defendant was on supervised release after being convicted of possession with intent to distribute marijuana.[99] The probation officer filed a petition alleging three violations of the defendant's supervised release conditions: (1) the defendant violated the mandatory condition of supervision requiring him not to commit another federal, state, or local crime by committing (a) assault, (b) aggravated sexual assault, (c) indecency with a child, and (d) prohibited sexual conduct; (2) the defendant illegally possessed and used a controlled substance; and (3) the defendant did not support his dependents by failing to pay child support.[100] The defendant admitted to the second and third violations and the district court revoked the term of supervised release.[101] The district court also ordered the defendant to "register as a sex offender upon his release from imprisonment with all of the state and national sex offender registries."[102]

The Fifth Circuit vacated the sex offender registration requirement.[103] In so doing, the Fifth Circuit noted that special conditions of supervised release must be "reasonably related" to four factors: "(1) 'the nature and circumstances of the offense and the history and characteristics of the

_____

[98] 275 F. App'x 433 (5th Cir. 2008).

[99] *Id.* at 435.

[100] *Id.*

[101] *Id.*

[102] *Id.*

[103] *Id.* at 442.

defendant,' (2) the need 'to afford adequate deterrence to criminal conduct,' (3) the need 'to protect the public from further crimes of the defendant,' and (4) the need 'to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner.'"[104] The Fifth Circuit found that the imposition of a sex offender registration requirement was not reasonably related to the defendant's underlying conviction for distribution of marijuana or to his criminal history as he has never been convicted of a sex-related offense.[105]  The Fifth Circuit noted that the only evidence arguably related to a propensity to commit a sex offense consisted of allegations from three young victims contained in investigative police reports.[106] Therefore, the Fifth Circuit reasoned that there was not a reasonable relationship between the registration requirement and the need for deterrence or the need to the public.[107]

This case is clearly distinguishable from *Jimenez*. Here, Massey pleaded guilty to Count 1 of the Indictment charging him with carjacking "resulted in serious bodily injury, to wit: aggravated sexual abuse as defined in Title 18, United States Code, Section 2241." In the factual basis, Massey admitted to forcing the victim to engage in oral sex. Therefore, a condition of supervised release requiring Massey to register as a sex offender is reasonably related to the nature and circumstances of the instant offense. Moreover, Massey admitted to this conduct—it is not an unsubstantiated allegation as in *Jimenez*. Under the condition as currently written, Massey cannot register as a sex offender in Texas. There is a reasonable relationship between Massey's admitted behavior and requiring Massey to register as a sex offender because Massey admitted to

---

[104] *Id*. at 439.

[105] *Id.* at 439–40.

[106] *Id*. at 441.

[107] *Id*.

committing aggravated sexual abuse. Furthermore, requiring Massey to register as a sex offender would serve the need to afford adequate deterrence to criminal conduct and the need to protect the public from further crimes of the defendant.

Nevertheless, when Massey was rearraigned, the elements of the sex offense were not explained to Massey and he was not *Boykin*-ized on the sex offense.[108] Therefore, Massey may not have been fully aware of the ramifications of his guilty plea. There are complex federal and state statutory schemes governing sex offender registration that appear to be preventing Massey from registering as a sex offender. The federal and state legislative branches have the authority to decide which crimes require sex offender registration. Apparently, Texas does not require sex offender registration for individuals like Massey, who admitted to committing a sex offense in the course of another crime. Considering these uncertainties, the Court will decline to clarify the condition of supervised release at this time. To the extent Massey requests reconsideration on this issue, the motion is granted.

## C.    *Proposed Clarification Requiring Massey to Complete Sex Offender Treatment*

The motion to modify conditions of supervised release also brought to light issues surrounding the condition requiring Massey to participate in sex offender counseling. Again upon recommendation from the U.S. Probation Office for the Eastern District of Louisiana and to ensure Massey's compliance with this condition, the Court proposed clarifying the condition to state: The defendant shall participate in a program of mental health treatment, to include sex offender counseling, as directed by the Court, until such time as the defendant is released from the program by the Court.

---

[108] *See* Rec. Doc. 246; *Boykin v. Alabama*, 395 U.S. 238 (1969).

18 U.S.C. § 3583(e)(2) provides that the Court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." Federal Rule of Criminal Procedure 32.1(c) provides that "Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." A hearing was held on March 18, 2021. Massey was present and represented by counsel. The Court gave Massey the opportunity to make a statement and present information in mitigation.

As the Fifth Circuit has recognized, probation officers have power "to manage aspects of sentences and to supervise probationers and persons on supervised release with respect to all conditions imposed by the court."[109] However, a district court cannot delegate to a probation officer the "core judicial function" of imposing a sentence, "including the terms and conditions of supervised release."[110] Accordingly, the Fifth Circuit has repeatedly vacated special conditions of supervised release that use the language "as deemed necessary and approved by the probation officer" because this language created ambiguity as to whether the district court had permissibly delegated authority to decide the details of a sentence's implementation or had impermissibly delegated the authority to impose a sentence.[111]

The condition of supervised release requiring Massey to "participate in a program of mental health treatment, to include sex offender counseling, as directed by the probation officer, until such

---

[109] *United States v. Franklin*, 838 F.3d 564, 567 (5th Cir. 2016).

[110] *Id*. at 568.

[111] *See United States v. Barber*, 865 F.3d 837, 839 (5th Cir. 2017) (collecting cases).

time as [he] is released from the program by the probation officer" creates ambiguity as to whether the district court impermissibly delegated the authority to impose a sentence to the probation officer. The condition as currently written does not withstand scrutiny under recent Fifth Circuit law because it allows for improper delegation of the Court's sentencing authority to the probation officer.

Moreover, the Court finds that sex offender counseling is necessary for Massey's rehabilitation. During the March 18, 2021 hearing, Massey testified that he did not have any sex offender counseling while he was in prison. Supervising Probation Officer Marc Johnson testified that Massey attended a counseling assessment and one follow-up session. Individual and group treatment were recommended, but the original supervising probation officer (who has since retired) found that the sex offender counseling was not necessary because Massey was not convicted of a sex offense and was not required to register as a sex offender.

Sex offender counseling is reasonably related to the nature and circumstances of the offense and it will afford adequate deterrence to criminal conduct. Because Massey is not able to register as a sex offender in Texas, sex offender counseling will help to ensure that Massey does not reoffend, thereby protecting the public from potential further crimes of the defendant. Accordingly, the Court clarifies the condition of supervised release to state: The defendant shall participate in a program of mental health treatment, to include sex offender counseling, as directed by the Court, until such time as the defendant is released from the program by the Court. The defendant shall provide an update on the treatment to the Court every six months. To the extent Massey requests reconsideration on this issue, the motion is denied.

**V. Conclusion**

For the reasons discussed above, the Court declines to amend the judgment and declines to clarify the condition of supervised release regarding sex offender registration. However, the Court clarifies the condition of supervised release regarding sex offender counseling consistent with recent Fifth Circuit precedent. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Walter Massey's "Motion for Reconsideration or in the Alternative Motion to Stay Execution of Judgment Pending Appeal"[112] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent Massey requests reconsideration of the February 25, 2021 Order stating that the Court would amend the judgment and proposing a clarification to the condition of supervised release regarding sex offender registration. The motion is **DENIED** to the extent Massey requests reconsideration of the February 25, 2021 Order proposing a clarification to the condition of supervised release regarding sex offender counseling.

**IT IS FURTHER ORDERED** that the Court clarifies the sex offender counseling

---

[112] Rec. Doc. 249.

condition of supervised release to state: The defendant shall participate in a program of mental health treatment, to include sex offender counseling, as directed by the Court, until such time as the defendant is released from the program by the Court. The defendant shall provide an update on the treatment to the Court every six months.

       **NEW ORLEANS, LOUISIANA,** this _____ 6th _____ day of April, 2021.

 

 

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**